CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL -2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES P. ROBERTSON, JR., | ) CASE NO. 7:18CV00507 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| JEFFERSON B. SESSIONS, ET AL., | ) By: Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Plaintiff James P. Robertson, Jr., a federal inmate proceeding pro se, has filed this civil rights action, pursuant to Bivens v. Six Unknown Named Agts. of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He alleges that prison officials interfered with his ability to pursue a petition for a writ of certiorari regarding the denial of his motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After review of the record, I conclude that his complaint must be summarily dismissed, because he has failed to accomplish service on the defendants and his allegations fail to state a claim upon which relief can be granted.

I.

In 2002, while under indictment for bank robbery in the United States District Court for the Middle District of Florida, Robertson entered into a plea agreement with the government. United States v. Robertson, Case No. 8:08-cr-240, 2014 WL 12603511, at *1 (M.D. Fla. 2014) (unpublished). That agreement was withdrawn after the government discredited Robertson's testimony at sentencing that his co-defendant had coerced him. Id. Sentencing was continued, and Robertson obtained new counsel, who informed prosecutors that Robertson wanted to cooperate with law enforcement. Id. Robertson told agents that he had been present with members of a skinhead group when two homeless men were beaten to death in September of

1998. Id. at *2. Prosecutors did not believe his information was complete or truthful and opened an investigation that led to Robertson's becoming a suspect in the murders. Id.

In May of 2008, Robertson and a co-defendant were indicted on two counts of murder for the purpose of maintaining and increasing their positions in an enterprise engaged in racketeering activity, in violation of the violent crimes in aid of Racketeering ("VICAR") statute, 18 U.S.C. § 1959(a). Id. The co-defendant pleaded guilty and testified against Robertson. A jury ultimately found Robertson guilty on both counts, and the court sentenced him to a term of life in prison. Id. The court of appeals rejected his direct appeal on November 12, 2013. United States v. Robertson, 736 F.3d 1317 (11th Cir. 2013).

Robertson filed his first § 2255 motion on August 11, 2014, arguing that the VICAR statute is unconstitutional and that his trial counsel provided ineffective assistance in various ways. Robertson, 2014 WL 12603511 at *2. On November 25, 2014, the district court found both claims to be without merit, denied relief under § 2255, and declined to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). Id. at *6. Robertson filed a timely notice of appeal, and on April 20, 2015, he filed an amended notice of appeal and motion for certificate of appealability from the court of appeals; the court denied his motion, dismissed the appeal, and denied his motion for rehearing en banc. in August 2015. See Robertson v. United States, No. 14-15827 (11th Cir. 2015.

Robertson then had 90 days to file a petition for a writ of certiorari in the United States Supreme Court. On August 15, 2015, he was transferred from the United States Penitentiary in Lee County, Virginia ("USP Lee"), to the United States Penitentiary in Coleman, Florida ("USP Coleman"). He alleges that "his legal papers which under Federal rules are kept in a separate envelope in his cell did not accompany him. He alleges they were deliberately confiscated to

block a petition for certiorari to the U.S. Supreme Court. Am. Compl. 5, [ECF No. 13]. Incoming mail from the courts was allegedly "routinely delayed by a week or 10 days after receipt in the prison mail room," and staff failed to deliver such mail to Robertson in person or to keep a proper log. Id. at 6.

According to Robertson, he managed to file a timely certiorari petition, but on November 12, 2015, the Supreme Court rejected his filing as improperly formatted. The Court gave Robertson 60 days "to make corrections such as reprinting prior orders in required 'pamphlet' format." Id. at 5. Making these corrections "was complicated by the fact that the originals of some of those document[s] were in the file waylaid by the BOP, while others were Orders which the BOP never forwarded to" Robertson. Id. On January 27, 2016, the Court allegedly rejected Robertson's corrected petition as untimely. The inmate's prison unit manager "submitted a letter explaining that Robertson's legal files never got from Virginia to Florida and asked the Supreme Court to grant a motion permitting his application for a writ to be served out of time, but the Supreme Court denied such motion." Id. Robertson's "window" to file a proper certiorari petition closed on March 31, 2016. Id.

In October of 2018, Robertson filed this Bivens action, naming then-Attorney General Jeff Sessions and numerous John Does as defendants. He paid the full filing costs and was, thus, responsible for accomplishing service on the defendants. In January 2019, a process server filed affidavits [ECF Nos. 10 and 11], claiming to have delivered a summons and a copy of the complaint to Michael Breckton, USP Warden; and Charles Barnett, USP Lee mailroom staff member—two individuals identified as defendants only in the text of the complaint. The process server reported that he had left one summons at Breckton's USP Lee office and had left the other summons on Barnett's car in the USP parking lot.

The court then notified Robertson that his complaint included unrelated, misjoined claims and directed him to file an amended complaint to take the place of the original complaint. Robertson filed an amended complaint in February of 2019 that narrowed the scope of the case to a claim that prison officials at USP Lee and USP Coleman deprived him of his right to access the courts. Robertson also identified as defendants that R.S. Cheatham, USP Coleman Warden; and John Doe, "officer in charge of the mail room at USP Coleman." Id. at 3. Because the amended complaint failed to state any claim against Sessions or to identify the many other John Doe defendants, I dismissed these defendants from the lawsuit. The court notified Robertson by order dated March 15, 2019, that if he failed to accomplish service of his amended claims on the defendants within 90 days, his claims against them would be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

II.

Rule 4(m) sets a 90-day time limit for service of a federal civil complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court mu7st extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The 90-day period for Robertson to accomplish service of the amended complaint has expired. The court gave him ample notice that failure to serve the defendants would result in dismissal of his claims against them in the amended complaint. Robertson has not returned to court since that notice issued, nor has he offered any evidence to the court that any of the defendants have been served with the amended complaint.[1] Robertson also has not shown cause for failing to serve the defendants with that document within 90 days after he filed

---

[1] I note that the attempts at service of the original complaint on Beckton and , as documented by the process server's affidavits [ECF Nos. 10 and 11], do not meet the statutory requirements for personal service. See Fed. R. Civ. P. 4(e); Va. Code Ann. § 8.01-296.

4

it. Accordingly, I conclude that Robertson's claims against all the defendants remaining in this action must be dismissed without prejudice, pursuant to Rule 4(m).

In any event, I also determine that Robertson's complaint fails to state any actionable § 1983 claim against the defendants he has identified. The court may summarily dismiss a case "brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Robertson's amended complaint does not describe any action that Breckton, Barnett, Cheatham, or John Doe has taken, personally, that violated Robertson's rights or harmed him in any way. Robertson apparently seeks to hold these supervisory officials vicariously liable for the actions of their subordinates who allegedly mislaid Robertson's legal paperwork or delayed his legal mail. Vicarious liability for supervisory officials, also known as respondeat superior, does not apply in § 1983 cases, however. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Moreover, Robertson has not stated facts supporting any reasonable inference that anyone intentionally interfered with his legal materials or legal mail. See Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995) (finding that negligent actions which interfere with an inmate's litigation efforts do not

5

support actionable claims under § 1983 that defendant deprived plaintiff of constitutional right to access the courts).

For the stated reasons, I am satisfied that Robertson's § 1983 complaint fails to state a claim upon which relief can be granted. Accordingly, I will summarily dismiss this action without prejudice. Dismissal without prejudice leaves Robertson free to refile his claim in a new and separate lawsuit if he can correct the deficiencies described in this Opinion, subject to any applicable statute of limitations.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of July, 2019.

/s/ Jackson L. Kiser
Senior United States District Judge