CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 16 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES P. ROBERTSON, JR., | ) | |
| Plaintiff, | ) | CASE NO. 7:18CV00507 |
| v. | ) | MEMORANDUM OPINION |
| JEFFERSON B. SESSIONS, ET AL., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff James P. Robertson, Jr., a federal inmate proceeding pro se, filed this civil rights action, pursuant to Bivens v. Six Unknown Named Agts. of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He alleged that prison officials interfered with his ability to pursue a petition for a writ of certiorari regarding the denial of his motion to vacate the sentence under 28 U.S.C. § 2255. By memorandum opinion and order entered July 29, 2019, I summarily dismissed the case without prejudice upon finding that (a) Robertson had failed to accomplish proper service on the defendants within the time limits set by federal law, Fed. R. Civ. P. 4(m), and (b) his allegations failed to state a claim upon which relief could be granted, 42 U.S.C. § 19973(c)(1). Robertson has moved under Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the dismissal order. I have reviewed the new information Robertson has provided with his motion. Because it does not alter my opinion that his complaint was not timely served and that it fails to state claims upon which relief can be granted, I will deny the motion.

Robertson filed this Bivens action in October of 2018, and paid the full filing costs. Thus, he was responsible for accomplishing service on the defendants. In January 2019, a process server filed affidavits [ECF Nos. 10 and 11], claiming to have accomplished service by delivering a summons and a copy of the complaint to Defendant Breckton's office at the United States Penitentiary in Lee

County, Virginia ("USP Lee") and by leaving a summons and a copy of the complaint on Defendant Barnett's car in the USP parking lot. With the current motion, Robertson submits an affidavit from his father who states that he served the amended complaint on Defendants Breckton and Barnett on February 5, 2019, by mailing the document to the defendants at USP Lee.

Rule 4 of the Federal Rules of Civil Procedure provides procedures for proper service of process on defendants in federal civil actions. Rule 4(e) provides that, generally, an individual may be served by delivering a summons and a copy of the complaint as required under the law of the state where the court is located. Fed. R. Civ. P. 4(e)(1). Virginia law provides that service may be accomplished "[b]y delivering a copy [the lawsuit] in writing to the party in person"; or by going to the party's "usual place of abode," and if the party is not there, delivering the service paperwork to a member of the party's family, who is aged 16 or above, and explaining its importance. Va. Code Ann. § 8.01-296(1)-(2). The federal rule also provides that service may be accomplished delivering the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Robertson's attempts at service—putting the documents on the defendants' car, leaving them at his place of employment, or sending them by regular mail—do not meet any of these authorized methods of service. Therefore, I remain convinced that Robertson failed to accomplish timely or proper service on the defendants.

Moreover, because the defendants to Robertson's <u>Bivens</u> claims are federal prison officials, he was required to serve them under the procedures applicable to officers of the United States. Rule 4(i)(3) requires not only accomplishing service on the individual federal officer under the procedures in Rule 4(e), but also properly accomplishing service on the United States itself under the procedures in Rule 4(i)(1)(A). To serve the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a

writing filed with the court clerk," or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). The party must also "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). Robertson has not provided information demonstrating that he properly served a summons and complaint on the United States Attorney for the Western District of Virginia or that he sent a copy of these documents by certified or registered mail to the Attorney General in Washington, D.C. Thus, even if Robertson's attempts at personal service on Breckton and Barnett or other individual defendants could be construed as proper under Rule 4(e) and Va. Code Ann. § 8.01-296, he has not demonstrated service on the United States as required under Rule 4(i). In addition, the time for him to accomplish such service has long since passed, and I find no reason to grant him an extension of time for service.

In any event, I alternatively dismissed Robertson's case for failure to state a claim upon which relief could be granted, and his current motion does not alter that finding. Robertson's submissions, even with his recent additions, do not state facts supporting any reasonable inference that any of the defendants intentionally interfered with his ability to perfect his petition for a writ of certiorari. See Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995) (finding that negligent actions which interfere with an inmate's litigation efforts do not support actionable claims under § 1983 that defendant deprived plaintiff of his constitutional right to access the courts).

For the state reasons, I find no grounds for relief from the order dismissing this action. Therefore, I will deny the motion for reconsideration. A separate order will enter herewith.

3

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

ENTERED this 10th day of January, 2020

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE